**SO ORDERED.**

**SIGNED this 10 day of March, 2010.**



_____
JANICE MILLER KARLIN
UNITED STATES BANKRUPTCY JUDGE
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re: ) | |
| ) | |
| CHARLES JOSEPH CRAWFORD, ) | Case No. 07-41680 |
| ) | |
| Debtor. ) | |
| _____) | |
| ) | |
| PATRICIA E. HAMILTON, TRUSTEE ) | |
| OF THE BANKRUPTCY ESTATE OF ) | |
| CHARLES JOSEPH CRAWFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 09-7084 |
| ) | |
| TOM BOGARDUS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

This matter is before the Court on the Plaintiff's Motion for Leave to File Amended Complaint.[1] Plaintiff is seeking leave to file an amended complaint to make a claim against Defendant for recovery of a preferential transfer under 11 U.S.C. § 547,[2] rather than the claim for recovery of a fraudulent transfer under § 548 contained in the original Complaint. Defendant objects on the basis that allowing the amendment would be futile, as the deadline for bringing claims under § 547 was December 6, 2009, and that this new claim under § 547 would thus be untimely. In support, as he argues that the amended complaint would not relate back to the date of the original claim, which he impliedly admits was timely filed.

Both parties have briefed this issue, and the Court is ready to rule. This is a core matter over which this Court has jurisdiction.[3]

I. **FINDINGS OF FACT**

Debtor filed his petition under Chapter 7 of the Bankruptcy Code on December 6, 2007. Plaintiff, who is the Trustee in Debtor's bankruptcy case, initiated this adversary proceeding on December 3, 2009, just prior to the two year time limit imposed upon a trustee's avoiding powers by § 546(a). In the original complaint, Plaintiff alleged that within ninety days of the filing of the petition, Debtor Charles Crawford transferred to or for the benefit of the Defendant a total of $3,500. Plaintiff claimed that this transfer constituted a fraudulent transfer that she could avoid pursuant to § 548 and recover for the benefit of the estate.

---

[1] Doc. 8.

[2] This bankruptcy was filed after October 17, 2005, when most provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 became effective. All future statutory references are thus to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 11 U.S.C. §§ 101-1532 (2005), unless otherwise specifically noted.

[3] 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(F) (core proceeding).

2

Defendant filed his answer on January 2, 2010, denying that the transfer was fraudulent under § 548 and arguing that the transfer could not be avoided and recovered for the benefit of the estate. On January 21, 2010, more than two weeks prior to the date the Report of the Parties' Planning Meeting was due, and presumably before any discovery had taken place,[4] Plaintiff filed the motion seeking leave to file an amended complaint. The basis for the motion was to amend the claim to allege the transfer was preferential under § 547, instead of it being a fraudulent transfer under § 548. Defendant objected to the motion, and in her reply to Defendant's objection, Plaintiff indicates that she had intended to pursue this claim as a preference under § 547, but that the original claim was inadvertently brought under § 548.

In support of her position, Plaintiff has provided a letter from Defendant's counsel discussing Plaintiff's original informal demand, which was made under § 547. Defendant's counsel replied "I would welcome the opportunity to discuss this with you more, but at the present time, I do not see the payment of $3,000 as a preference under 11 U.S.C. § 547."[5] In support of her motion to amend, Plaintiff contends that she is "not asserting a right or claim to recover in regard to a new or different transfer, but, instead is seeking to recover for the transfer made by the Debtor, and admittedly received by the Defendant, within 90 days prior to the filing date under the theory that it is a preference as opposed to a fraudulent conveyance."

Additional facts will be discussed below, when necessary.

**II.    ANALYSIS**

---

[4] Fed. R. Civ. P. 26(d)(1) provides that no discovery shall be sought before the Rule 26(f) conference of the parties.

[5] See letter dated May 14, 2009 attached to Plaintiff's Response to Defendant's Reply in Opposition to Plaintiff's Motion to File Amended Complaint (Doc. 17).

The Trustee seeks leave of court to file an amended complaint to change the theory of her cause of action from one seeking to recover a fraudulent transfer under § 548 to one seeking to recover a preferential transfer under § 547. Motions to amend pleadings are governed by Fed. R. Civ. P. 15.[6] Pursuant to Rule 15(a)(1)(B), as recently amended, a party may amend its pleading once as a matter of course within 21 days after the service of a responsive pleading.[7] Defendant's answer[8] was filed and served on the Trustee on January 4, 2010. Therefore, the Trustee had until January 25, 2010, to file an amended complaint without seeking leave of court or the opposing party's consent. Therefore, the motion to amend was actually unnecessary, as the Trustee had the right to file an amended complaint as a matter of course at the time she filed the motion.

Whether the Trustee has the right to amend her pleading in this case is not the central issue in dispute, however. The issue is the effective date of that filing. The deadline for initiating an adversary proceeding seeking to avoid and recover a preferential transfer is, at the latest, two years from the date the order for relief is entered in the underlying bankruptcy proceeding.[9] The order for relief in the underlying bankruptcy proceeding was filed on December 6, 2007. Therefore, because the preference claim was not filed prior to December 6, 2009, the Trustee can only bring the claim

---

[6] Fed. R. Civ. P. 15 is made applicable in this adversary proceeding pursuant to Fed. R. Bankr. P. 7015. It was recently amended, effective December 1, 2009. This adversary proceeding was filed after the effective date of the amendments.

[7] The Advisory Committee Notes for the 2009 Amendments explain that "the right to amend once as a matter of course is no longer terminated by the service of a responsive pleading. The responsive pleading may point out issues that the original pleader had not considered and persuade the pleader that amendment is wise. Just as amendment was permitted by former Rule 15(a) in response to a motion, so the amended rule permits one amendment as a matter of course in response to a responsive pleading. The right is subject to the same 21-day limit as the right to amend in response to a motion."

[8] Doc. 5.

[9] 11 U.S.C. § 546(a).

4

if the Court finds that the amended complaint relates back to the date of the original complaint, which was December 3, 2009.

Rule 15(c)(1) provides that an amendment to a pleading "relates back to the date of the original pleading" if the claims in the amended pleading "arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading." The test for relation back of an amended pleading is whether "the original pleading gives fair notice of the general fact situation out of which the claim or defense arises . . . ."[10] An amended pleading will relate back "if it asserts new legal theories based on the <u>same series of transactions or occurrences</u>. Conversely, the amended complaint will not relate back if it is based on new facts and different transactions."[11]

There is no question the Trustee's amended claim, a copy of which was properly attached to her motion pursuant to D. Kan. Rule 15.1, arises out of the same transaction contained in the original complaint. The Trustee's original claim sought to recover from Defendant a transfer made by Debtor within 90 days of the filing of the bankruptcy. The amended claim seeks to recover that exact transfer, only under the theory that the transfer was preferential rather than fraudulent.

Furthermore, Defendant was clearly given notice prior to the filing of the original complaint that this transaction was being called into question by the Trustee. In fact, based upon the Trustee's reply brief, it is apparent that Debtor (or at least Debtor's counsel) knew that the Trustee believed this transfer to be avoidable as a preference under § 547. Why the Trustee originally proceeded on the theory of a fraudulent transfer under § 548 is immaterial.

---

[10] *In re Daviscourt*, 353 B.R. 674, 683 (10th Cir. BAP 2006).

[11] *In re Corley*, 2007 WL 2790674, 3 (Bankr. D.N.M. 2007) (emphasis added).

5

Defendant contends that because the original complaint did not contain a short and concise statement to support a claim under § 547, the amendment should not be allowed. In support of this argument, Defendant relies upon an unpublished decision from the Eastern District of Virginia, *Smith v. Porter (In re Carr & Porter, LLC)*.[12] In *Porter*, the trustee inadvertently referenced only § 547(d) in his complaint. However, very late in the proceedings, the trustee sought leave to amend the complaint to "state with greater specificity" that he was seeking relief under § 548, as well. The defendant opposed the motion to amend, arguing that the original complaint did not adequately state a claim under § 548 and that the proposed amendment came too late in the proceedings to be allowed. The court found that the complaint did not state a cause of action under § 548, and that the amendment should not be allowed under Rule 15.

Defendant's reliance on *Porter* is misplaced. That court disallowed the amendment to bring a claim under § 548 because it was untimely. The court clearly relied upon Fourth Circuit precedent holding that "a motion to amend should be made as soon as the necessity for altering the pleading becomes apparent. A party who delays in seeking an amendment is acting contrary to the spirit of the rule"[13] In *Porter*, the motion to amend was filed on November 4, 2008. At the time the motion was filed, the case had been pending for over six months, summary judgment motions had already been filed and argued, and the trial date was only two weeks away. Based upon the Trustee's tardiness in filing the motion to amend, the Court found that leave was not appropriate under Rule 15(a) and denied the motion to amend.

---

[12]Case APN 08-07051-SCS (Bankr. E.D. Va. March 17, 2009).

[13]*Deasy v. Hill*, 833 F.2d 38, 41 (4th Cir. 1987).

6

Case 09-07084    Doc# 19    Filed 03/10/10    Page 6 of 8

Defendant is mixing two distinct holdings from the *Porter* decision in an effort to oppose the current motion to amend. In *Porter*, the court first decided that the original complaint did not state a cause of action under § 548. After deciding that issue, the court then turned its attention to the motion to amend, which the court denied based upon it being untimely. The motion to amend was not denied because the original complaint failed to properly set forth a cause of action under § 548. That was a separate issue before the court.

In this case, the motion to amend is clearly timely. The Complaint was filed on December 3, 2009. Defendant filed his Answer on January 4, 2010 and the motion to amend was filed on January 21, 2010. Unlike the case in *Porter*, there has been no trial date set (and certainly not one a mere fourteen days away), there has likely been little, if any, discovery conducted, the Fed. R. Civ. P. 26(a)(1) deadline was February 23, over a month after the motion to amend was filed, the discovery deadline is not until May 7, 2010, and no summary judgment motions have been filed. They are not even due until June 10, 2010.

In fact, the motion to amend was filed so quickly following the filing of the Answer, the Trustee is actually entitled to amend the Complaint without leave of court pursuant to Rule 15(a)(1)(B). Finally, *Porter* is of no help to Defendant's position in this case. Nothing in *Porter* even suggests that if the trustee had filed a motion to amend within seventeen days of the defendant's answer that the court would not have granted that request. It was the timing of the motion that led to the denial in *Porter,* and that is simply not an issue here.

### III. CONCLUSION

For these reasons, the Court finds that the Trustee's Motion for Leave to File Amended Complaint is granted and that the amended complaint relates back to the date of the filing of the

original complaint. The amended claim contained in the proposed amended complaint clearly arises out of the same transaction or occurrence stated in the original claim, and Defendant had sufficient notice of the exact transaction in question. Although leave is not technically required pursuant to Rule 15(a)(1)(B), the Court will nonetheless grant the motion to make clear that the amendment relates back to the date of the original filing pursuant to Rule 15(c).

**IT IS, THEREFORE, BY THE COURT ORDERED** that the Trustee's Motion for Leave to File Amended Complaint[14] is granted. Pursuant to D. Kan. 15.1, Plaintiff shall file and serve the Amended Complaint within 14 days.

**IT IS FURTHER ORDERED** that the Amended Complaint, once filed, will relate back to the date of the filing of the Complaint in this matter, December 3, 2009.

###

---

[14]Doc. 8.